OPINION
{¶ 1} Peter Regan appeals pro se from a judgment entered after a bench trial of a landlord-tenant small claims petition and counterclaim. The judgment awarded the plaintiff, Reshawna Banks, $600, representing her security deposit, minus $298.76 awarded Regan on his counterclaim for damages to the leased premises. *Page 2 
 {¶ 2} Regan has filed a brief with this court; Banks has not. Although Regan has filed a lengthy brief, he has not complied with several of the briefing requirements of App.R. 16(A). Regan is responsible for complying with the appellate rules notwithstanding his pro se status. Most notably, he has not provided a statement of assignments of error. App.R. 16(A)(3). Nevertheless, we understand Regan to essentially claim that the judgment is against the manifest weight of the evidence. More detrimental to our ability to review the judgment of the trial court is Regan's failure to properly order, obtain, and file a written transcript of the trial. See App.R. 9(A) and 9(B); Loc.R. 6(A) of the Second Appellate Judicial District. Absent a transcript of the trial, we are constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error. For purposes of this appeal, the record for our review consists of the trial court's decision and judgment — rendered after the trial — and items in the case file to which the trial court referred.
 I {¶ 3} As indicated above, Regan and Banks entered into a landlord-tenant relationship for a residence at 5619 Gander Road East in Dayton. Eventually, Banks filed a small claim for three times her security deposit ($1,800) and other relief, and Regan counterclaimed for $3,000 representing alleged property damage, materials, and labor.
 {¶ 4} The claim and counterclaim were tried to the bench, resulting in the judgment described above. The court awarded Regan the cost of materials Regan claimed he incurred to make repairs to the interior of the premises, i.e., $298.76, as itemized in his counterclaim. The court disallowed claimed expenses for exterior repairs, the claimed value of Regan's labor, and Regan's claimed loss of rental income. As to these claims, the court stated: *Page 3 
 {¶ 5} "* * * The Court has reviewed the evidence and listened to the testimony but finds the damages claimed in the section of the counterclaim labeled exterior cannot be attributed to Defendant; most of [sic] are ordinary maintenance items or are tools used for ordinary maintenance and are not directly attributable to the actions of the Defendant.
 {¶ 6} "The Court further finds that the labor costs are speculative and not demonstrated by the evidence so the Defendant cannot recover the $947.52 claimed as labor costs. The Court has considered the lost income claim and finds that the Defendant has failed to demonstrate this portion of the Counterclaim by a preponderance of the evidence. Further there is no showing of any attempt to mitigate the damages which must be done if Defendant is to prevail."
 {¶ 7} Regan claims that because Banks was responsible for exterior maintenance, the trial court erred in disallowing his claims for materials and labor to rehabilitate the exterior grounds. Indeed, a copy of the lease in the case file provided at section 3 of the section styled MAINTENANCE: "Tenant shall be responsible for maintenance and appearance of exterior grounds (lawn, trees, shrubs, flower boxes)." The counterclaim contains an itemization of Regan's claimed material costs and labor value, and the case file contains before and after pictures of the lawn. Exhibits 2 and 3, which the trial court referenced in its decision and judgment, are pre-and post-occupancy inspection checklists, which itemize several departures from Banks' exterior maintenance responsibilities.
 {¶ 8} While impressive, we are unable to ascertain that, at thetrial, the court was aware of the lease or saw the before and after pictures. Accordingly, its statement as to claimed material costs that "most are ordinary maintenance items or are tools used for ordinary maintenance and are not directly attributable to the actions of [Banks]" cannot be said to be *Page 4 
unreasonable. This is particularly so when we do not know what the witnesses said at trial or how the court assessed their credibility.
 {¶ 9} Again, given the lack of a trial transcript, we cannot say that the trial court unreasonably disallowed labor costs as "speculative", particularly given its determination that Banks was not responsible for exterior repair. Finally, the same record deficiencies compel us to indulge the presumption of regularity to the court's disallowance of Regan's claimed loss of rental income.
 {¶ 10} While we might compliment Regan on the thoroughness of his appellate brief, what he says must be supported by the trial record. Unfortunately, as indicated above, that record is limited to the trial court's decision and judgment and items in the case file to which the court referred in the decision and judgment. That record does not support reversal.
 II {¶ 11} The judgment will be affirmed.
 BROGAN, J. and DONOVAN, J., concur. *Page 1