OPINION
{¶ 1} Neal C. Folck, pro se, appeals from a judgment of the Clark County Municipal Court, which awarded aggregate damages of $528.20 in his forcible entry and detainer action against Christopher and Samantha Giles. For the following reasons, the judgment will be affirmed.
 I *Page 2 {¶ 2} On March 13, 2007, Folck filed a forcible entry and detainer action against the Gileses, seeking restitution of the property and up to $6,000 in damages, representing repairs, cleaning, unpaid utilities, and damages. A handwritten lease was attached to the complaint. Two days later, Folck filed a small claims complaint, seeking $3,000 for the same actions by the Gileses. The Gileses responded that they had vacated the premises prior to the filing of the complaints, and they counterclaimed for $500 for unpaid work performed on the premises, $700 for their unreturned security deposit, $1,000 for attorney fees, and the cost of the actions. The two actions were consolidated.
 {¶ 3} In August 2007, the damages claim was tried before a magistrate. In his decision, the magistrate found:
 {¶ 4} "The Court, upon review of the evidence and testimony, finds that Defendants are not responsible for the bathroom touch up and repainting; vacuuming and cleaning of carpets, which was the responsibility of the carpet installers; replacement of furnace filters, which is due to normal wear and tear; missing light bulbs; garbage disposal stopper; and office expenses.
 {¶ 5} "The Court does find that Defendants are responsible for trash removal in the amount of $150.00; lawn repair in the amount of $150.00; replacing of locks and keys in the amount of $272.20; replacing of shower curtain and mounting in the amount of $67.26; replacing of living room drapes and bathroom blinds in the amount of $285.06; replacement of exterior storm door closer in the amount of $30.84; unpaid rent in the amount of $300.00; and unpaid utilities in the amount of $47.84, for a total of $1303.20. Defendants will be given credit for $700.00 deposit, and $475.00 for work performed, totaling $1175.00 *Page 3 
 {¶ 6} "On Defendants' Counterclaim the Court does not find that there was a constructive eviction, and does not award attorneys fees.
 {¶ 7} "Plaintiff will be awarded Judgment against Defendants in the amount of $128.20, and Judgment for Plaintiff on Defendants' Counterclaim. Both parties will be responsible for their own Court costs."
 {¶ 8} Folck filed objections to the magistrate's ruling. Folck asserted that the Gileses had paid a security deposit of $300 and that it was applied to thirteen days of unpaid rent. He also claimed that he was entitled to $150 in floor cleaning expenses, which were necessary after the Gileses had been evicted. The trial court overruled the objection regarding the flooring cleaning expenses. It agreed, however, that since only $300 of the security deposit had been paid by the Gileses, they should not have been credited for $700. The court thus awarded the Gileses a $300 credit for their security deposit. The trial court entered judgment in Folck's favor on his claim in the amount of $528.20 and in his favor on the Gileses' counterclaim. Both parties were again responsible for their own court costs.
 {¶ 9} Folck, pro se, appeals from the trial court's judgment. Although Folck has not set forth any assignments of error as required by App. R. 16(A)(3), the essence of Folck's claim is that the trial court's judgment was against the manifest weight of the evidence. Folck asserts that the trial court erred in awarding the Gileses a $300 credit for their security deposit and that the trial court should have awarded him court costs. Folck thus claims that he was entitled to $828.20 plus court costs. .
 {¶ 10} In response to Folck's appeal, the Gileses emphasize that Folck has failed to present a transcript of the trial, and it appears that a transcript was never filed. Absent a *Page 4 
transcript of the hearing, we are constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error. Banks v. Regan, Montgomery App. No. 21929, 2008-Ohio-188, ¶ 2; State v. Like, Montgomery App. No. 21991,2008-Ohio-1873, ¶ 33.
 {¶ 11} The record before us contains a copy of the handwritten lease and a copy of a $1,000 check to Neal Folck from Rebecca Parker. From this limited record, we are unable to evaluate the trial court's determination that the Gileses were entitled to a credit of $300 for their security deposit and that Folck was only entitled to damages in the amount of $528.20. Hence, we must presume the regularity of the proceedings below. Moreover, we see no basis to conclude that the trial court erred in ordering the parties to pay their own court costs.
 {¶ 12} In their brief, the Gileses suggests that they should be awarded $1,000 for attorney fees on the grounds that Folck filed a frivolous appeal, failed to comply with the Appellate Rules, and has used the court system to harass them. The Gileses further argue that, if the appeal is not dismissed as frivolous, they "should be granted judgement [sic] in accordance with the facts established in the Statement of Facts supra." We reject the Gileses' request for attorney fees related to the appeal. To the extent that the Gileses disagree with the trial court's judgment, we note that they failed to object to the magistrate's ruling and thus waived their right to appeal the findings and conclusions contained in the trial court's decision absent plain error. Civ. R. 53(D)(3)(b). Furthermore, the Gileses have not cross-appealed in this court.
 II {¶ 13} The judgment of the trial court will be affirmed. *Page 5 
 FAIN, J. and GRADY, J., concur. *Page 1