[Cite as *Brown v. Sigler*, 2011-Ohio-4661.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

KENNETH BROWN, et al.          :

    Plaintiff-Appellant          :          C.A. CASE NO. 24403

v.          :          T.C. NO.     10CV3494

NORA SIGLER          :          (Civil appeal from
                                       Common Pleas Court)
    Defendant-Appellee          :

                                                      :

. . . . . . . . . .

## **O P I N I O N**

Rendered on the ____16th____ day of ____September____, 2011.

. . . . . . . . . .

KENNETH BROWN, 145 Hollencamp Avenue, Dayton, Ohio 45417
    Plaintiff-Appellant

J. JOSEPH WALSH, Atty. Reg. No. 0003545, 201 E. Sixth Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellee

. . . . . . . . . .

FROELICH, J.

{¶ 1}   Kenneth Brown appeals from a judgment of the Montgomery County Court of Common Pleas, which adopted a magistrate's decision and ordered the matter to be dismissed with prejudice.  For the following reasons, the trial court's judgment will be affirmed.

I

**{¶ 2}** The record establishes the following facts. In August 2009, Brown entered into a purchase agreement with Nora Sigler to buy the property located at 145 Hollencamp Avenue (consisting of three parcels) for $20,000. Brown agreed to pay $300 per month for 67 months, with no interest.

**{¶ 3}** Eight months later, Brown,[1] pro se, filed a complaint alleging that he and Deserrae Eskridge had agreed to purchase a home from Sigler and had expended substantial time and money to repair the home, but that Sigler had not filed the purchase agreement with the "Montgomery County Auditor." (Brown presumably meant the Montgomery County Recorder, not the Montgomery County Auditor.) Brown sought an order requiring Sigler to record the purchase agreement or, alternatively, granting Brown "the 15,000.00 that was put in the house plus the 3,000.00 that Desserae Eskridge paid into the repair, appliance's [sic], and paying the company for the work that was done."

**{¶ 4}** Sigler filed an answer, which admitted that the parties had entered into a contract for the purchase of 145 Hollencamp Avenue for $20,000, with payments of $300 per month and no interest. Sigler stated that the purchase contract "did not conform to the Ohio law dealing with Land Installment Contracts which is the reason for the document not being recorded as requested by Plaintiff." Sigler indicated that she would, at her expense, prepare a land installment contract that conformed to Ohio law and contained the basic elements of the agreement between the parties. She asked that the parties execute the land installment contract, that the contract be recorded, and that the case be dismissed upon

---

[1] The named plaintiffs were Brown and Desserae Eskridge, although only Brown signed the complaint. Eskridge did not sign the purchase agreement, but Brown refers to Eskridge as a co-purchaser. The record reflects that Eskridge lives at the residence with Brown.

completion of the execution and recording. On June 10, 2010, Sigler submitted a proposed land installment contract to the trial court.

{¶ 5} Brown subsequently filed an "Entrance of Appearance" indicating that "[w]e are suing for 35,000 for the money we put into the house at 145 Hollencamp Ave., also for slander, defamation, perjury, illegal lock-out, stress, and harassment by [Sigler's] attorney." Brown asked the court for a trial date so that he could present his paperwork to the court. Shortly thereafter, Brown retained counsel.

{¶ 6} In September 2010, Sigler filed a notice of forfeiture. She noted that she had given Brown "one last opportunity" to execute the proposed land installment contract, to have it properly notarized, and to deliver it to her attorney, along with the July 2010 payment, by August 12, 2010. Sigler indicated that she would amend her answer and add a counterclaim with a request for forfeiture if Brown failed to comply with those terms.

{¶ 7} At this time, Brown's counsel moved to withdraw from the case due to lack of payment by Brown. That motion was granted.

{¶ 8} Sigler subsequently moved to file an amended answer and counterclaim, stating that Brown had refused to sign the land installment contract, had insisted on "being given a trial," and had refused to resume payments on the house. The court granted Sigler's motion. The same day that Sigler's amended complaint and counterclaim were filed, Sigler moved for a hearing on her forfeiture counterclaim.

{¶ 9} A bench trial before a magistrate was scheduled for October 18, 2010. A transcript of that hearing/trial is not in the record, but the record reflects that significant discussions occurred on October 18 regarding the proposed land installment contract. In her

subsequent decision, the magistrate summarized the hearing as follows:

{¶ 10} "At the hearing [on October 18, 2010], both parties were heard on the matter. Both parties agreed that a recordable document detailing the parties' Purchase Agreement be executed and filed. Plaintiffs were concerned that if they dismissed their complaint prior to the document being recorded, they may be prejudiced. During the hearing, Mr. Brown stated 'We just want it recorded' and 'I will drop my lawsuit.' Mr. Brown also insisted that the first payment not be due until November 1, 2010, to which the Defendant agreed. Additionally, the document indicates that the total of $18,800 was due and owing and then agreed with Mr. Brown that the amount was actually $18,500. The matter having been settled, the hearing was adjourned with the direction to Mr. Walsh [Sigler's counsel] to record the executed contract and to prepare and forward a proposed Agreed Entry, signed by the parties, dismissing the case as having been settled. Mr. Walsh voiced a concern over any delay by the Plaintiff to sign the Agreed Entry of Dismissal. This writer informed Mr. Brown that an Entry would be forthcoming, and that if the recording of the contract had taken place, he was to sign it and return it to Mr. Walsh, who would then file it with the Court."

{¶ 11} After the hearing, a signed copy of the land installment contract was recorded with the Montgomery County Recorder. Brown had signed the contract on September 13; Sigler signed the contract on October 18.

{¶ 12} On October 26, 2010, Brown filed a motion "for damages" with the court. The motion reiterated Brown's assertion that he was suing for $35,000 for various torts. He further stated that Sigler's counsel still needed "to Amend the Land Installment Contract to

reflect the agreement went into affect [sic] on October 18, 2010, 2nd to reflect the correct amount of 18,500.00 instead of reflecting 18,800.00 and a grace period of 5 days, and 3rd to correct dates on lines 2 and 5" of the contract.   Brown attached correspondence that he had received from Sigler's counsel about the terms of the contract and a proposed dismissal entry that Sigler's counsel wanted Brown to sign.   Brown did not sign the dismissal entry.

{¶ 13} Soon thereafter, Sigler moved for an order dismissing the case with prejudice.   That motion was followed by a notice whereby Sigler acknowledged that the proper balance due was $18,500 and indicated that a substitute page 2 of the contract was being sent to Brown.

{¶ 14} On November 8, 2010, the magistrate issued a decision, dismissing the case. The magistrate reasoned, in part:

{¶ 15} "It appears that the parties have both achieved the desired result: a recorded Land Contract for the subject property.   Plaintiffs did file a 'Notice of Appearance' raising claims of money damages.   However, this 'Notice of Appearance' asked for money against the Defendant in the alternative to recording the Land Contract.   Additionally, the remaining claims were against the Defendant's prior attorney, who is not a party to this case.   Further, if the 'Notice of Appearance' were to be very liberally construed as an Amended Complaint, the Plaintiff did not seek leave to file same and did not include Attorney Guenther as a Defendant.   Finally, both parties agreed to drop their respective claims if the Land Contract were recorded.   It has been.

{¶ 16} "Thus, having been noticed that the Land Contract has been filed, which is what both parties agreed that they wanted at the October 18, 2010 hearing, and the matter

being resolved and settled, this matter is therefore dismissed."

{¶ 17} The magistrate referred the parties to Civ.R. 53 and Rule 2.31 of the Rules of the Montgomery County Common Pleas Court regarding the filing of objections to the magistrate's decision. No objections were filed.

{¶ 18} On November 11, 2010, Sigler filed a motion asking the trial court to dismiss the action with prejudice. Brown was sent a copy of the motion, but he did not file a response. On November 30, 2010, the trial court noted that the magistrate had not specified that the dismissal of the case be with prejudice, and it ordered the dismissal to be "with prejudice to the filing of a new action." In a separate but simultaneously filed entry, the trial court adopted the magistrate's decision.

{¶ 19} Brown appeals from the trial court's judgment.

II

{¶ 20} Brown raises two assignments of error and two separate "issues on appeal." Both assignments of error allege that the trial court erred by denying Brown a trial. The two "issues on appeal" state:

{¶ 21} "1. The trial court did not have subject matter jurisdiction to entertain Plaintiff's motion for a trial. (Assignment of Error No. 1)

{¶ 22} "2. The trial court[']s adopting Magistrate Decision and ruling without looking at all the facts and difference between the Purchase Agreement and Land Installment Contract. (Assignment of Error No. 2)"

{¶ 23} We begin with the matter of the trial court's subject matter jurisdiction.

{¶ 24} "'Jurisdiction' means 'the courts' statutory or constitutional power to

adjudicate the case.' The term encompasses jurisdiction over the subject matter and over the person. Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. It is a 'condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.'" (Internal citations omitted.) *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶11.

{¶ 25} Common pleas courts were created by the Ohio Constitution. Section 4, Article IV of the Ohio Constitution. They are courts of general jurisdiction with original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive jurisdiction of the county courts. R.C. 2305.01. See R.C.1907.03(A) (granting exclusive jurisdiction to county courts in civil cases where the amount in controversy does not exceed $500). A common pleas court may grant monetary and equitable relief, and it may hear and decide complaints for injunctive relief. See R.C. 2727.03; *Nasal v. Burge*, Miami App. No. 08-CA-40, 2009-Ohio-1775, ¶13.

{¶ 26} Brown invoked the jurisdiction of the common pleas court with the filing of his complaint. He requested damages of $15,000, plus damages of $3,000 for Eskridge, or an order requiring Sigler to file the purchase agreement with the Montgomery County Recorder. Both requests fell within the subject matter jurisdiction of the common pleas court.

{¶ 27} Brown's primary argument is that the trial court erred in adopting the magistrate's ruling and dismissing his action with prejudice. Brown states that he signed the land installment contract (while he was represented by counsel) on the condition that

several terms with which he did not agree would be changed. These changes allegedly were not made. Brown asserts that the magistrate "was not open to all the facts" regarding the differences between the original purchase contract and the land installment contract.

{¶ 28} As far as the record reflects, Brown did not voice any objections to settling the matter during the hearing with the magistrate. Moreover, while Brown disagrees with the magistrate's decision and her failure to conduct a trial, he did not file objections to the magistrate's decision, despite being specifically directed to the rules. Civ.R. 53(D)(3)(b) requires a party to file written objections to a magistrate's decision within 14 days of the filing of the decision. Objections to factual findings must be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. Civ.R. 53(D)(3)(b)(iii). With the exception of a claim of plain error, the failure to file an objection under Civ.R. 53(D)(3)(b) waives the right to "assign as error on appeal the court's adoption of any factual finding or legal conclusion." Civ.R. 53(D)(3)(b)(iv). Under Civ.R. 53(D)(3)(b)(iv), Brown waived all but plain error by not objecting to the magistrate's decision.

{¶ 29} "The plain-error doctrine is not favored in civil appeals and 'may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" *Care Risk Retention Group v. Martin*, 191 Ohio App.3d 797, 2010-Ohio-6091, ¶80, quoting *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, syllabus.

{¶ 30} Based on the record before us, we find no plain error in the trial court's

adoption of the magistrate's decision. We note that the record does not contain a transcript of the October 18, 2010 hearing. Absent a transcript, we cannot speculate what the testimony was at that hearing, and we are constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error. *Banks v. Regan*, Montgomery App. No. 21929, 2008-Ohio-188, ¶2.

{¶ 31} Here, the record reflects that both parties signed a recordable land installment contract, drafted by Sigler's counsel in response to Brown's claims. That land installment contract was filed with the Montgomery County Recorder on October 18, 2010. Sigler conceded that the amount owed was $18,500, as Brown asserted, and her attorney sent an amended page 2 of the land installment contract to Brown. Given these facts, the magistrate and the trial court could have reasonably concluded that Brown was satisfied with the terms of the land installment contract (taking into account Sigler's concession), that the matter was settled, and that a trial was not warranted. Thus, we find no plain error in the trial court's determination that Brown's claim had been settled to the parties' satisfaction and that the matter should be dismissed with prejudice.

{¶ 32} Brown's assignments of error are overruled.

III

{¶ 33} The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Kenneth Brown
J. Joseph Walsh

Hon. Connie S. Price