[Cite as *Vander Kam v. Brown*, 2014-Ohio-632.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

ROBERT VANDER KAM                    :

    Plaintiff-Appellant                    :              C.A. CASE NO.    25473

v.                                                          :              T.C. NO.   12CV4274

JAMES BROWN, et al.                    :                (Civil appeal from
                                                        Common Pleas Court)

    Defendants-Appellees                    :

                                                             :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____21st____ day of ____February____, 2014.

. . . . . . . . . .

ROBERT VANDER KAM, P. O. Box 13824, Dayton, Ohio 45413
        Plaintiff-Appellant

JAMES BROWN, 4832 Woodland Hills Blvd., Dayton, Ohio 45414
        Defendant-Appellee

RENEE JONES, 4832 Woodland Hills Blvd., Dayton, Ohio 45414
        Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**  This matter is before the Court on the pro se Notice of Appeal of

Robert Vander Kam, filed November 14, 2012.  No responsive brief was filed. Vander Kam appeals from the October 1, 2012 decision of the trial court which overruled his pro se objections to the magistrate's decision; the magistrate denied Vander Kam's petitions for civil protection orders against James Brown, in case no. 2012 CV 4273,  and Renee Jones, in case no. 2012 CV 4274.  This appeal is limited to case no. 2012 CV 4274.  We hereby affirm the decision of the trial court.

{¶ 2}    Vander Kam filed his petitions on June 12, 2012, and no ex parte orders were granted. A hearing was held on July 13, 2012.  In her July 25, 2012 decision, the magistrate initially noted that Vander Kam had also filed "a Petition against the organization S.O.R.N., the division of the Montgomery County Sheriff's Office which provides Sexual Offender Notifications and Registry. * * * Petitioner was advised at the ex parte hearing that the Petition was improper as it was not filed against an individual and would be dismissed."

{¶ 3}    The magistrate's decision provides that the parties are neighbors, and that Jones and Brown live together.  The magistrate noted that Vander Kam "gets upset when Respondents bring up his past," and noted that he "has been convicted of manslaughter and sex offenses and is currently classified as a sexual predator." The magistrate determined that "much of [Vander Kam's] testimony was incomprehensible.  With what was understood, [Vander Kam], at best, has described 'bad neighbors.'  There was no testimony that either Respondent has said or done anything that would be reasonable to conclude was threatening toward [Vander Kam]."

{¶ 4}    Vander Kam filed his handwritten objections on August 1, 2012.  We note that his filing is captioned "Motion of Continuance, Re-Opening," and that "Continuance" is

crossed out, with "objection" written above it. The filing states that Vander Kam "seeks remedy of previously scheduled case(s)," and it includes multiple attachments, including a "sworn affidavit" that is not notarized, a copy of a receipt, in Vander Kam's name, from Grandview Medical Center Emergency Department, dated July 13, 2012, setting forth diagnoses of "head contusion and contusion of knee," a bill for an emergency department visit, in Vander Kam's name, in the amount of $781.00, and two subpoenas in Vander Kam's name from the Vandalia Municipal Court, Criminal Division, regarding matters entitled "State of Ohio vs. Brown, Wilbur J." and "State of Ohio vs. Brown, James E." Vander Kam also filed, on August 1, 2012, an "Amended Affidavit for Objection & Motion filed 8-1-12," which is notarized.

{¶ 5}     On September 6, 2012, Vander Kam filed a 49-page "Motion/ Appendum - Addendum," which includes multiple attachments.   Vander Kam added the names Wilbur J. Brown Jr., Silas King and "unknown" in the caption of the document as respondents.   He attached a bill in his name from Kettering Network Radiologists, Inc., criminal case information printouts involving James Brown and Wilbur Brown, medical records reflecting treatment that Vander Kam received for an assault that occurred on July 13, 2012, and arrest records from the Montgomery County Sheriff's Office for Wilbur Brown Jr. and James Brown based upon an assault on Vander Kam on July 13, 2012.   Vander Kam requested an evidentiary hearing.

{¶ 6}     We note that the trial court issued its decision in case no. 2012 CV 4273 on September 18, 2012, and an identical decision in case no. 2012 CV 4274 on October 1, 2012.  The trial court noted that Vander Kam's "initial filing of objections offers essentially

no argument, instead seeming to rely on documents attached thereto." The court noted as follows:

> * * * Although [Vander Kam's] hand-written *pro se* filings are somewhat difficult to follow, the Court construes the gist of [Vander Kam's] objections to be that this Court should overrule the Magistrate's prior decision denying [Vander Kam's] requests for protection orders against these Respondents, and instead enter such protection orders, based upon an assault on Petitioner by Respondent Brown and other non-parties to these actions that occurred <u>after</u> the hearing held by Magistrate Wuebben on [Vander Kam's] petitions.

{¶ 7} After noting that Vander Kam failed to file a transcript of the proceedings before the magistrate, or an affidavit of the evidence, pursuant to Civ.R. 53(D)(3)(b)(iii), the court determined as follows:

> * * * In reaching [her] decision, Magistrate Wuebben of necessity was limited to considering the evidence presented to her at the July 13, 2012 hearing. Because the alleged assault on [Vander Kam] by Respondent Brown and others apparently did not occur until later that same night * * * , no evidence of that assault was before Magistrate Wuebben when she concluded that the record contained no evidence that either Respondent "ha[d] said or done anything" that could be construed as "threatening toward" [Vander Kam]. * * * In reviewing the Magistrate's conclusion to that effect, this Court is likewise constrained to considering only the evidence that was

available to Magistrate Wuebben at that time. * * * Nothing raised in [Vander Kam's] objections or the related supporting documents even suggests that the evidence actually before Magistrate Wuebben warranted a different result. Accordingly, this Court lacks any basis for overturning that decision.

While Magistrate Wuebben's July 25, 2012 *Denial of Protection Order after Full Hearing* must be sustained based upon the evidence of record in that proceeding, however, this Court in affirming that decision is <u>not</u> holding that evidence arising subsequent to that decision could not or would not support a different result as to a <u>new</u> request for a civil protection order under R.C. § 2903.214, or that [Vander Kam] is precluded from bringing such a petition. * * * *Although no such threat reasonably could be inferred from the evidence presented at the hearing in this matter * * *, evidence that a respondent in fact had physically assaulted the complainant would present a very different factual scenario than that known to Magistrate Wuebben when she issued her decision.

{¶ 8}    On December 4, 2012, this Court ordered Vander Kam to show cause, in case number 2012-CV-4273, as to why his notice of appeal should not be dismissed for his failure to timely file his notice of appeal.  On December 14, 2012, Vander Kam filed a pro se  "Show Cause Order."  On January 8, 2013, this Court issued a Decision and Entry noting  as follows:

In case no. 12-CV-4273, the clerk entered a notation of service in the appearance docket on September 18, 2012.  Thus, the time for filing a notice

of appeal ran from September 18, 2012 through October 18, 2012. App.R. 4(A)'s time requirement is jurisdictional and cannot be extended. * * *

Because [Vander Kam] has failed to timely file his notice of appeal in case no. 12-CV-4273, this Court lacks subject matter jurisdiction to proceed. The above captioned appeal, with respect only to case no. 12-CV-4273, is DISMISSED.

However, in case no. 12-CV-4274, the clerk did not enter a notation of service of the order in that appearance docket. Therefore, the time for filing a notice of appeal, pursuant to App.R. 4(A), never began to run. * * *

Accordingly, the notice of appeal filed on November 14, 2012 is a timely appeal of the October 1, 2012 order of the trial court in case no. 12-CV-4274. This matter shall proceed with respect to case no. 12-CV-4274.

{¶ 9} On July 9, 2013, this Court ordered Vander Kam to either cause the record to be prepared and filed, or show cause why the matter should not be dismissed for failure to timely prepare and file the record. On July 19, 2013, Vander Kam filed a pro se "Show Cause Order," in which he appears to assert his indigence and refers to "Numberious (sic) request for that Trial Transcript." On August 7, 2013, this Court issued a decision that provides in part:

Despite Vander Kam's indication on his Civil Docket Statement that a full transcript of proceedings will comprise the record in this appeal, no transcript was filed in the underlying case and reviewed by the trial court.

Consequently, this Court's review on appeal is limited to whether the trial court correctly applied the law to the facts as set forth in the magistrate's decision.

Accordingly, the record in the above-captioned appeal is complete without a transcript of proceedings. * * * Insofar as Vander Kam argues that he attempted to obtain a transcript from the trial court to no avail, he may assign such argument as error in his Appellant's Brief.

{¶ 10}  We initially note that Vander Kam's petition was filed pursuant to R.C. 2903.214, which entitles a petitioner to relief if conduct by a respondent constituting menacing by stalking is established.  Menacing by stalking is defined as "engaging in a pattern of conduct" that "knowingly cause[s] another to believe that the offender will cause serious physical harm to the other person or cause mental distress to the other person."  R.C. 2903.211(A)(1).

{¶ 11}   As this Court has previously noted:

Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants. See, e.g., *Kilroy v. B.H. Lakeshore Co.* (1996), 11 Ohio App.3d 357, 363. As the Eighth District Court of Appeals aptly noted in *Kilroy*, a pro se litigant "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." Id.  *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20.

{¶ 12}   In submitting his brief, Vander Kam has failed to comply with App.R. 16;

he does not set forth specific assignments of error, a statement of the issues, or a statement of the case for our review.   App.R. 16(A)(3),(4), and (5).   Vander Kam's brief provides, "Sence (sic) there seems no ruling upon petitioner Plaintiff-Appellants initial filing(s), nor to Motion of Transcript cost& (sic) avialability(sic) copies as per filing with/ to the court-it is so fourth (sic) Noted and Agian (sic) requested."   He asserts that he "did request Prosecutorial assistance which still seems ungranted."   His brief provides that he seeks "monetary relief in form of complete payment of Hospital, Ambulance & X-Ray Billing (these also previously submitted to said court and thru with/ for documented proofs for such ruling. (Emphisis (sic) added)[.]" Vander Kam "also seeks (due proceedurial (sic) errors) pain, suffering loss of remunerated work/employment as well as possibilities since (sic)13th July, 2012 - to present (e.g. compensating the time lost due/ in fieling (sic), obtaining and the continued - HEALTH RELATED or such Physician assissted (sic) necessities (ie. time consumptive processes/ expenses, and/or procedures(s))."   Vander Kam "preposes (sic) yet further restraining order agianst (sic) any and all occupants/ visitors or relitives (sic) of said Defendant-Appellee(s) per original complaint * * * ."   He asserts, "Due to continuing incodences (sic), sence (sic) it is Ms. Renees (Jones) home it is her & sadly (I need state) obligation/ with choice of acquaintances."

{¶ 13}   Regarding Vander Kam's failure to provide the trial court with a transcript, or an affidavit of the evidence before the magistrate, Civ.R. 53(D)(3)(b)(iii) provides:

Objection to magistrate's factual finding; transcript or affidavit.   An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript

of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶ 14} To the extent that Vander Kam may be arguing that he requested a transcript, and that the trial court erred in failing to provide one for him, we note that "'[c]ivil due process requires only notice and an opportunity to be heard, not provision of transcripts in civil proceedings.' * * * Ohio courts have limited an indigent's right to have transcript fees taxed as costs to criminal cases, termination of parenting rights, and defense of paternity cases. * * * ." *St. Germaine v. St. Germaine,* 2d Dist. Greene No. 2009 CA 28, 2010-Ohio-3656, ¶ 15.

{¶ 15} As the trial court determined, it is clear that Vander Kam's "objections" were addressed to an assault that Brown allegedly committed against Vander Kam with other non-parties *after* the hearing on Vander Kam's petitions for civil stalking protection orders against Jones and Brown. The documents attached to Vander Kam's filings as proof of the assault were not before the magistrate, they do not provide a means for the trial court to "re-open" the matter, and Vander Kam cannot seek "monetary relief" or restraining orders in the context of this appeal based upon the assault. Having reviewed the record before us,

we conclude that the trial court correctly applied the law to the facts as set forth in the magistrate's decision.    Accordingly, we affirm the judgment of the trial court.

. . . . . . . . . .

FROELICH, P.J. and FAIN, J., concur.

Copies mailed to:

Robert Vander Kam
James Brown
Renee Jones
Hon. Mary L. Wiseman