[Cite as *Greene Metro Hous. Auth. v. Jennings*, 2017-Ohio-24.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| GREENE METRO HOUSING AUTHORITY | : | |
| | : | |
| | : | C.A. CASE NOS. 2015-CA-77 and |
| Plaintiff-Appellee | : | 2016-CA-6 |
| | : | |
| v. | : | T.C. NO. 15CVG1019 |
| | : | |
| BRENDA M. JENNINGS | : | (Civil appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the ___6th___ day of _____January_____, 2017.

. . . . . . . . . .

MARK J. DONATELLI, Atty. Reg. No. 0019461, 77 West Main Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

BRENDA M. JENNINGS, 126 S. Columbus Street, Xenia, Ohio 45385
    Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

**{¶ 1}** Defendant-appellant Brenda M. Jennings, pro se, appeals from a decision issued on February 10, 2016, by the Xenia Municipal Court, Civil Division, evicting her from her apartment and granting restitution of the premises to appellee Greene Metropolitan Housing Authority (hereinafter "Greene Metro"). Jennings also appeals

from the trial court's decision granting Greene Metro a monetary judgment in the amount of $1,009.15, representing back rent owed by Jennings. Jennings filed a timely notice of appeal with this Court on February 19, 2016.

**{¶ 2}** On November 13, 2015, Greene Metro served Jennings with a statutory notice to vacate the rental property located at 111 Coddington Avenue in Xenia, Ohio, for failure to pay her rent. Thereafter, Greene Metro filed a complaint in Xenia Municipal Court requesting an order that Jennings vacate the premises immediately and monetary damages for unpaid rent and physical damage to the property.

**{¶ 3}** On December 15, 2015, a hearing was held on the first count of Greene Metro's complaint, after which the trial court found that Jennings had failed to pay her rent in a timely manner. The trial court thereafter issued an order awarding Greene Metro restitution of the rental property on the same date.

**{¶ 4}** On December 16, 2015, Jennings filed a counterclaim alleging that Greene Metro failed to reasonably accommodate her physical disabilities, failed to properly maintain the heating units at the rental property, and failed to accept a tender of the rent payment when it was due.

**{¶ 5}** A trial was held on January 12, 2016, regarding Greene Metro's remaining claim for damages and Jennings' counterclaim. Shortly thereafter on February 10, 2016, the trial court issued a decision awarding Greene Metro monetary damages in the amount of $1,009.15, representing "past due rent and claimed damages minus the security and pet deposits." The trial court also dismissed Jennings' counterclaim, finding that she failed to offer any testimony or other evidence in support of her allegations.

**{¶ 6}** It is from this judgment that Jennings now appeals.

{¶ 7} "DECISION OF ACTING JUDGE ERRORED [sic] IN RESTITUTION OF THE PREMISES AND MONETARY JUDGMENT TO APPELLEE GMH DECEMBER 15, 2015 EVICTION, AND JANUARY 12, 2015 MONETARY JUDGMENT."

{¶ 8} In her sole assignment, Jennings contends that the trial court erred when it ordered her to vacate the rental property located at 111 Coddington Avenue in Xenia, Ohio, and pay rent due in the amount of $1,009.15.

{¶ 9} As this Court has previously noted:

Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants. See, e.g., *Kilroy v. B.H. Lakeshore Co.* (1996), 111 Ohio App.3d 357, 363. As the Eighth District Court of Appeals aptly noted in *Kilroy,* a pro se litigant "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." *Id. Yocum v. Means,* 2d Dist. Darke No. 1576, 2002–Ohio–3803, ¶ 20.

*Vander Cam v. Brown*, 2d Dist. Montgomery No. 25473, 2014-Ohio-632, ¶ 11.

{¶ 10} In the instant case, Jennings has failed to properly order, obtain, and file a written transcript of the hearings held before the trial court on December 15, 2015, and January 12, 2016. *See* App.R. 9(A) and 9(B); Loc.R. 6(A) of the Second Appellate Judicial District. Absent a transcript of the trial, we are constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error. *Banks v. Regan*, 2d Dist. Montgomery No. 21929, 2008-Ohio-188, ¶ 2. For purposes of this appeal, the record for our review consists of the trial court's judgment entry issued on December 15, 2015, awarding restitution of the premises to

Greene Metro. The record also consists of the trial court's decision and judgment rendered on February 10, 2016, after the final hearing occurred on January 12, 2016.

{¶ 11} In its February 10, 2016, decision, the trial court stated the following:

The Court has reviewed the testimony and Exhibits including the photographs and videos. The Court has assigned relative weight and credibility to all of the information. Based on all the foregoing the Court finds as follows:

The Defendant was a tenant of Plaintiff's but due to failing to complete certain Section 8 Housing forms she began incurring private charges instead for approximately a 3 1/2 month period. Defendant became arrears in her rent in the amount of $1,389.92. Said amount represents March, 2015, a short payment in September, 2015 and rent in October, November, and December, 2015.

Plaintiff also offered testimony in support of the Move-Out Charges detailed in Plaintiff's Exhibit 1. Most all of the charges are for removing trash in several rooms and repairing drywall in many rooms and hallways. Plaintiff's Manager testified the charges were incurred utilizing their customary and standard rates.

In Defendant's view, the property was "ready to rent" and she disputes the charges assessed by Plaintiff. Defendant offered Exhibit A which is her cell phone containing numerous photos and videos of the property. The Court notes upon review of the photos and videos there are clearly leftover items in each room to be removed, small damages to drywall

and mirrors left on certain walls. Such condition is supported by the claim of charges by Plaintiff in Exhibit 1. Otherwise, the home does appear to be in relatively good condition.

Plaintiff's Manager testified Defendant previously paid a $668.00 security deposit and a $270.00 pet deposit which Plaintiff wishes to retain and offset against the amounts claimed. Defendant does not dispute these amounts.

Defendant did not offer any testimony as to her Counterclaim filed December 16, 2015.

{¶ 12} Upon review, we conclude that given the lack of a transcript from the hearings, we cannot say that the trial court acted unreasonably when it found that Greene Metro presented sufficient evidence that Jennings failed to pay her rent in timely fashion and was, therefore, subject to eviction from the rental property. Additionally, the same record deficiencies compel us to indulge the presumption of regularity to the trial court's order awarding Greene Metro monetary damages in the amount of $1,009.15 for past due rent and damages to the premises.

{¶ 13} Without a transcript, we have presumed the regularity of the trial proceedings, we have reviewed the limited record, and we find nothing therein to demonstrate error. The trial court weighed the evidence, determined the credibility of the witnesses, and concluded that Greene Metro satisfied its burden of proving that Jennings was subject to eviction for failure to pay rent in a timely manner and an order for monetary damages for the condition in which she left the rental property. Based on the limited record before us, we conclude that the trial court's judgment is not against the

manifest weight of the evidence.

{¶ **14**} Jennings' sole assignment of error is overruled.

{¶ **15**} Jennings' sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Mark J. Donatelli
Brenda M. Jennings
Hon. Michael K. Murry
Hon. David P. Mesaros, Acting Judge