[Cite as *State v. Brown*, 2024-Ohio-4808.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

STATE OF OHIO                                   :
                                                :
        Appellee                                :       C.A. No. 2024-CA-7
                                                :
v.                                              :       Trial Court Case No. 2023 TRD 07057
                                                :
JAMES F. BROWN                                  :       (Criminal Appeal from Municipal Court)
                                                :
        Appellant                               :
                                                :

. . . . . . . . . . .

O P I N I O N

Rendered on October 4, 2024

. . . . . . . . . . .

JAMES F. BROWN, Pro Se Appellant

FRANK J. PATRIZIO, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, James F. Brown, appeals pro se from a judgment finding him guilty of speeding and of operating a motor vehicle without a valid driver's license. The judgment was entered after Brown pled guilty to both charges. Because

Brown failed to assert an assignment of error, the State suggests a proposed assignment of error, which is that Brown could not be convicted of driving without a license because, as an "unfranchised common law free man," he was not required to comply with state laws requiring him to obtain a driver's license to operate a motor vehicle.

{¶ 2} Brown's assertion involves nothing more than an attempt to substitute another name for a "sovereign citizen" claim. Ohio courts have repeatedly found these types of claims frivolous, and that applies here. Accordingly, the trial court's judgment will be affirmed.

I. Facts and Course of Proceedings

{¶ 3} On November 27, 2023, a traffic citation was filed in Miami County Municipal Court charging Brown with speeding (37 miles per hour in a 25-mile hour zone) and operating a motor vehicle without a valid driver's license in violation of R.C. 4510.12(A). After Brown pled not guilty to the charges, the case was set for a bench trial on January 24, 2024. At that time, Brown appeared and pled guilty to the charges. As a result, the court found Brown guilty as charged and sentenced him to a $250 fine plus court costs.

{¶ 4} Brown then filed a timely notice of appeal and asked that a transcript be prepared at the State's expense. We overruled Brown's request because he failed to submit a financial affidavit of indigency as required. We also ordered Brown to take the needed steps to file a transcript within 30 days and cautioned him that failure to do so would result in our deeming the record to be complete in its current state. Order Overruling Motion for Transcript at State's Expense (Mar. 20, 2024), p. 1-2.

{¶ 5} The summary of docket and journal entries was filed on March 25, 2024. Subsequently, we filed a show cause order requiring Brown, within 14 days of the order's journalization, to either file the transcript or show cause why the record should not be deemed complete. Show Cause Order (Apr. 22, 2024). After Brown failed to either respond or file a transcript, we deemed the record complete and ordered the clerk to file the App.R. 11(B) notice. We noted that Brown's brief would be due 20 days after the notice was filed. Order Deeming Record Complete (May 9, 2024).

{¶ 6} The clerk issued the App.R.11(B) notice the same day, and when Brown failed to timely file his brief, we issued another show cause order requiring Brown, within 14 days, to either file a brief or show cause why the appeal should not be dismissed for lack of prosecution. Show Cause Order (June 6, 2024). Brown responded by filing a brief on June 17, 2024, and the State then timely replied.

## II. Discussion

{¶ 7} As the State notes, Brown fails to assert an assignment of error. Thus, Brown has not complied with App.R. 16(A), which contains various requirements for briefs, including: "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected"; "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates"; "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule"; and "(7) An argument containing the contentions of the appellant with respect to

each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." "Where an appellant fails to comply with these requirements, App.R. 12(A)(2) allows us to disregard a party's assignments of error." *State v. Huelsman*, 2023-Ohio-649, ¶ 7 (2d Dist.), citing *State v. Mize*, 2022-Ohio-3163, ¶ 77 (2d Dist.).

{¶ 8} Another issue here is that no transcript of proceedings, including the transcript of the plea and sentencing hearings, has been filed. In such situations, "we must presume the regularity of the trial court proceedings unless the limited record before us affirmatively demonstrates error." *State v. White*, 2018-Ohio-2573, ¶ 12 (2d Dist.), citing *Banks v. Regan*, 2008-Ohio-188, ¶ 12 (2d Dist.), and *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 9} Despite these deficiencies, we will consider the State's characterization of Brown's alleged error, which is as follows:

The Trial Court Erred by Convicting Defendant of Driving Without a Valid License (R.C. 4510.12) Because as an Unfranchised Common Law Free Man, He Is Not Required to Comply With State Laws Requiring a Driver's License to Operate a Motor Vehicle on Roads Within the State of Ohio.

{¶ 10} According to Brown, he is a "unfranchised common law free man" and has the right to travel freely without obtaining a driver's license. The State interprets this as a "sovereign citizen" argument that has been rejected by Ohio courts.

{¶ 11} R.C. 4510.12(A)(1) states that:

No person, except those expressly exempted under sections 4507.03, 4507.04, and 4507.05 of the Revised Code, shall operate any motor vehicle upon a public road or highway or any public or private property used by the public for purposes of vehicular travel or parking in this state unless the person has a valid driver's license issued under Chapter 4507. of the Revised Code or a commercial driver's license issued under Chapter 4506. of the Revised Code.

{¶ 12} There is no indication that Brown fits within any express exemption, and he therefore was required to have a valid driver's license in order to operate a motor vehicle. Brown's guilty plea was an admission to the fact that he was, indeed, driving without a valid license. "However, when a constitutional challenge alleges that the state may not convict the defendant no matter how thoroughly his factual guilt is established, the defendant may bring that challenge despite having pleaded guilty." *State v. Swazey*, 2023-Ohio-4627, ¶ 29, citing *State v. Wilson*, 58 Ohio St.2d 52, 54 (1979). Despite this allowance for appeal, Brown's argument is not a legitimate constitutional challenge.

{¶ 13} While we found no authority involving the specific term "unfranchised common law free man," this is simply a different name for a repeatedly rejected claim. The claim is that: " 'Sovereign citizens believe that their status as sovereign citizens exempts them from the United States laws and tax system. Whereas in common law, where citizens would be free men, under admiralty law, the United States government subjugates all citizens by eliminating the rights given to individuals by the Declaration of Independence and Bill of Rights.' " *State v. Few*, 2015-Ohio-2292, ¶ 5 (2d Dist.), quoting

from a brief filed by the appellant's counsel in that case.

**{¶ 14}** In *Few*, we found this argument "frivolous," noting from a federal district court case that "sovereign citizen theories 'involve the alleged corporate status of Ohio and the United States; the relationship between the yellow fringe on the United States flag and admiralty jurisdiction; and the effect of capitalizing the letters of [plaintiff's] name. Plaintiff ultimately maintains that he does not have a contract with either Ohio or the United States and, therefore, does not have to follow government laws. . . . [F]ederal courts have routinely recognized that such theories are meritless and worthy of little discussion.' " *Id.* at ¶ 6, quoting *DuBose v. Kasich*, 2013 WL 164506, *3 (S.D. Ohio Jan. 15, 2013). *Accord Furr v. Ruehlman*, 2023-Ohio-481, ¶ 10 (citing *Few* and several other Ohio appellate court cases and agreeing that sovereign citizen claims are baseless).

**{¶ 15}** Although Brown argues in his brief that he is not a "sovereign citizen" but is instead "an unfranchised common law man," this is a distinction without a difference. Consequently, Brown's claim lacks merit, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.